UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KRISI HEATHERLY, | Case No. 19-cv-110 |
| Plaintiff, | |
| vs. | |
| MIDWEST RECEIVABLE SOLUTIONS, LLC, | |
| Defendant. | |

## COMPLAINT

NOW COMES the plaintiff, Krisi Heatherly, by and through her attorneys, DeLadurantey Law Office, LLC, and for her Complaint against the defendant, Midwest Receivable Solutions, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. Krisi Heatherly, (hereinafter, "Ms. Heatherly") is an individual who was at all relevant times residing in the County of Milwaukee, State of Wisconsin.

5. The debt that Ms. Heatherly was allegedly obligated to pay was a debt allegedly originally owed to WE Energies. (hereinafter, "the Debt").

6. At all relevant times, Ms. Heatherly was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant Midwest Receivable Solutions, LLC (hereinafter "Defendant Midwest") is a business with an office located at 2323 Gull Road, Suite E, Kalamazoo, MI 49048 and a registered agent of Tammy Vandegriff at the same address.

8. Defendant Midwest is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6)

9. Defendant Midwest regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. Upon information and belief, Defendant Midwest was hired to collect the Debt from Ms. Heatherly.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant Midwest sends alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant Midwest acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant Midwest acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about February 23, 2017, Ms. Heatherly filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Wisconsin, and was assigned case number 17-21349-svk.

15. On or about February 26, 2017, the United States Bankruptcy Court for the Eastern District of Wisconsin sent notice of the Plaintiff's bankruptcy filing by first class mail to Plaintiff's creditors.

16. At the time of the bankruptcy, Plaintiff owed the Debt – and that Debt was being collected by a non-party collection agency. Plaintiff listed that non-party (Harris and Harris) on her list of creditors.

17. Plaintiff received her discharge of her Chapter 7 Bankruptcy on May 31, 2017.

18. On or about June 2, 2017, the United States Bankruptcy Court for the Eastern District of Wisconsin sent notice of Plaintiff's bankruptcy to her creditors.

19. Plaintiff did not incur any additional new debt with WE Energies after the filing of her bankruptcy.

20. On or about December 26, 2018, Defendant sent Plaintiff a collection letter, attempting to collect on a debt that was included in Plaintiff's bankruptcy. The debt that Defendant sought to collect was the old "WE Energies" bill listed in her bankruptcy.

21. Defendant had actual or constructive knowledge that the debt listed on the December 26, 2018 letter had been discharged in bankruptcy and was not owed.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

22. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

23. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

24. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to Plaintiff.

25. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they tried to collect on an account discharged in bankruptcy.

26. 26. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they tried to collect on an account discharged in bankruptcy.

27. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which they did when they tried to collect on an account discharged in bankruptcy.

28. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

29. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count 2 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104)**

30. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

31. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer or a person related to the consumer."

32. Giving false information to the Plaintiff about an account discharged in bankruptcy can reasonably be expected to cause harassment.

33. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

34. Defendant had knowledge that they had no right to collect on the debt, when they sent a collection letter to Plaintiff.

35. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

36. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

## V. JURY DEMAND

37. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Krisi Heatherly, by and through her attorneys, respectfully prays for Judgment to be entered in favor of the Plaintiff and against Defendant as follows:

A. *Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);*
B. *Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);*
C. *Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);*
D. *Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 et al.;*
E. *Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and*
F. *Other and further relief as may be just and proper.*

Dated: January 18, 2019

**DeLadurantey Law Office, LLC**

<pre>
                              s/ Nathan E. DeLadurantey                    
                              Nathan E. DeLadurantey (WI# 1063937)
                              DeLadurantey Law Office, LLC
                              330 S. Executive Drive, Suite 109
                              Brookfield, WI 53005
                              (414) 377-0515; (414) 755-0860 – Fax
                              Nathan@dela-law.com

                              Attorney for the Plaintiff
</pre>

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff Krisi Heatherly, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Krisi Heatherly (Jan 18, 2019)_
Krisi Heatherly